Matter of Morrone (2017 NY Slip Op 09130)





Matter of Morrone


2017 NY Slip Op 09130


Decided on December 27, 2017


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 27, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RANDALL T. ENG, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
SHERI S. ROMAN, JJ.


2017-05866

[*1]In the Matter of Joseph A. Morrone, admitted as Joseph A. Morrone, Jr., a suspended attorney. Grievance Committee for the Tenth Judicial District, petitioner; Joseph A. Morrone, respondent. (Attorney Registration No. 1726082)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. By decision and order on motion of this Court dated September 26, 2017, the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 1240.09(a)(3), (4), and (5), upon a finding that he was guilty of professional misconduct immediately threatening the public interest based upon his failure to cooperate with the lawful demands of the Grievance Committee for the Tenth Judicial District, his willful failure or refusal to pay money owed to his clients, and other uncontroverted evidence of professional misconduct. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 6, 1981, under the name Joseph A. Morrone, Jr.



Catherine A. Sheridan, Hauppauge, NY (Colette M. Landers of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On May 23, 2017, the Grievance Committee for the Tenth Judicial District personally served the respondent with a notice of petition dated April 28, 2017, and a verified petition dated April 25, 2017, and duly filed those papers with this Court together with an affidavit of service. The verified petition contains four charges of professional misconduct, which allege that the respondent breached his fiduciary duty by misappropriating client funds; engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by issuing checks from an account that he knew or should have known was closed; engaged in conduct prejudicial to the administration of justice by failing to cooperate with the Grievance Committee's investigation of three complaints, and in view thereof, engaged in conduct that adversely reflects on his fitness to practice law. The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed, nor requested additional time in which to do so.
The Grievance Committee now moves to deem the charges against the respondent established, and to impose such discipline upon him as this Court deems appropriate, based upon his default. Although the motion papers were personally served upon the respondent on September 19, 2017, he has neither opposed the instant motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred and his name [*2]is stricken from the roll of attorneys and counselors-at-law.
ENG, P.J., MASTRO, RIVERA, DILLON and ROMAN JJ., concur.
ORDERED that the Grievance Committee's motion is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Joseph A. Morrone, admitted as Joseph A. Morrone, Jr., a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Joseph A. Morrone, admitted as Joseph A. Morrone, Jr., shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Joseph A. Morrone, admitted as Joseph A. Morrone, Jr., is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Joseph A. Morrone, admitted as Joseph A. Morrone, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court